UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

ROBERT HICKS,                       :

                    Plaintiff,      :      12 Civ. 9000 (AT)(HBP)

     -against-                      :      REPORT AND
                                           RECOMMENDATION[1]
JOSEPH BRACERO,                     :

                    Defendant.      :

-----------------------------------X


          PITMAN, United States Magistrate Judge:


          TO THE HONORABLE ANALISA TORRES, United States District

Judge,


          By notice of motion filed on or about December 9, 2013

(Docket Item 18), defendant Ossining police officer Joseph

Bracero moves to transfer this matter to the White Plains Court-

house.  Plaintiff has not opposed the motion.  For the reasons

set forth below, the motion should be granted.

          Plaintiff was arrested on December 9, 2012 in front of

his residence in the Village of Ossining, New York by defendant

---

          [1]As discussed in the text, the application before me seeks
the transfer of this action to the White Plains Courthouse.
Although the motion is non-dispositive, it might be regarded as
unseemly for a Magistrate Judge to issue a decision that has the
effect of re-allocating cases between District Judges.
Accordingly, I believe it is more appropriate to address the
present application by way of a Report and Recommendation.

Officer Joseph Bracero.  Plaintiff alleges in his pro se complaint, filed while plaintiff was incarcerated at the Westchester County Jail ("WCJ") in Valhalla, New York, that defendant Bracero sexually assaulted him during the arrest in violation of his Fourth Amendment rights (Docket Item 2).  Plaintiff was released from custody shortly after he filed the complaint.  Plaintiff retained counsel on or around January 15, 2013 (Docket Item 21).  Plaintiff currently resides in Ossining at his pre-arrest address (see Docket Item 9, Change of Address Form, dated Jan. 25, 2013).

The Village of Ossining is located on the east side of the Hudson River and is approximately 35 miles north of New York City and approximately 12 miles northwest of White Plains.  Defendant Bracero resides in Dutchess County and is represented by retained counsel whose office is in White Plains.  Plaintiff's recently retained counsel's office is in Poughkeepsie, New York, approximately 55 miles north of White Plains (and 70 miles north of New York City).

Rule 19 of this District's Rules for the Division of Business among District Judges ("Rules for the Division of Business") provides, in pertinent part, that

> If the Judge to whom the case is assigned determines that it should be assigned to the other courthouse under these rules, it is sent to the Clerk for reas-

2

signment to a judge in the other courthouse.  If upon reassignment there is a dispute as to the proper place of holding court, it will be referred to the Assignment Committee for final determination.

I respectfully submit that this matter should be transferred to the White Plains Courthouse for the convenience of the parties, counsel, and witnesses.

Three factors strongly support reassignment.  First, but for the fact that petitioner was incarcerated at the time he filed the complaint, this matter would have properly been brought in White Plains because the claim arose in and all the parties reside in the Northern Counties.[2]  Rules 18(a)(i), (iv) of the Rules for the Division of Business.  Second, given both the time that would be required for counsel to travel to Manhattan and their relatively close proximity to White Plains, there can be little question that reassignment to the White Plains Courthouse would promote efficiency and economy for both counsel.  Finally, no substantial proceedings have yet taken place at the Pearl Street Courthouse.  The case is still in its initial stages and a

---

[2]Indeed, on May 20, 2013, the Honorable William H. Pauley, III, United States District Judge, transferred to White Plains a substantially similar case brought by plaintiff while incarcerated against other Ossining police officers based on this same rationale (see Order dated May 20, 2013 in Hicks v. Village of Ossining, Docket No. 12 Civ. 6874 (WHP) (Docket Item 18), annexed to Bracero's Memorandum of Law in Support of Motion to Transfer Venue (Docket Item 20) as Ex. C).

3

transfer to White Plains will not result in any duplication of effort or waste of judicial resources.[3] <u>See</u>, <u>e.g.</u>, <u>Lewis v. Clark's Town Pol. Dep't</u>, 11 Civ. 2487 (BSJ)(HBP), 2012 WL 1524591 at *1 (S.D.N.Y. Feb. 15, 2012) (Report & Recommendation), <u>adopted by</u> Order dated Apr. 26, 2012 (Docket Item 24).

Accordingly, for all the foregoing reasons, I respect-fully recommend that this matter be transferred to the White Plains Courthouse.

<u>OBJECTIONS</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections. <u>See</u> <u>also</u> Fed. R. Civ. P. 6(a). Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Analisa Torres, United States District Judge, 500 Pearl Street,

---

[3]Moreover, reassignment no longer presents an issue under Rule 21 of the Rules for the Division of Business, which on January 13, 2014 was amended to remove the provision requiring proportional assignment among District Judges of prisoner civil rights actions. <u>See</u> Rule 21 of the Rules for the Division of Business. In any event, this case does not involve any claim that plaintiff's rights were violated while in state custody; rather, plaintiff alleges a constitutional violation during an arrest in Ossining, New York by local law enforcement.

Room 2210, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Torres.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-238 (2d Cir. 1983).

Dated:   New York, New York
         July 21, 2014

                                    Respectfully submitted,


                                    _____
                                    HENRY PITMAN
                                    United States Magistrate Judge

Copies transmitted to:

Thomas M. Gambino, Esq.
Law Office of Thomas M.
   Gambino & Associates, P.C.
222 Church Street
Poughkeepsie, New York  12601

John J. Walsh, II, Esq.
Hodges Walsh Messemer & Moroknek, LLP
Suite 211
55 Church Street

White Plains, New York 10601